UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN ERIC LAMM,

    Plaintiff,

-vs-                                                                   Case No.  8:11-cv-715-T-30TGW

MAJOR BRIAN HEAD, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).  An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

Title 28 U.S.C. §1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or
> (B) the action or appeal-- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by §1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. §1915(e)(2). The Court has screened plaintiff's complaint. After doing so, and being mindful that the Court must accept all of plaintiff's allegations as true and construe them more liberally than if drafted by an attorney, the Court concludes that Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

Plaintiff's complaint alleges that on February 3, 2011, he was transferred from South Florida Reception Center ("SFRC"), a Florida Department of Corrections facility, to the Pasco County Jail ("PCJ") for a court appearance. Officials at SFRC gave him all his personal property to take with him to PCJ, including food items that he purchased at the canteen at SFRC that were valued at approximately $50.00. When he arrived at PCJ, jail officials inventoried his personal property. Officials confiscated the food items and discarded them. Plaintiff's request to have his family come to PCJ to pick up the food items was denied.

Plaintiff asserts that Defendants denied him his property without due process of law. As relief, Plaintiff requests $50.00 in damages, and an injunction forbidding jail officials from disposing of property without providing inmates with a property receipt or confiscation form.

The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const.

amend XIV, § 1. An unauthorized intentional deprivation of property violates due process only when the State fails to provide an adequate post deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also Weaver v. Geiger*, 294 Fed. Appx. 529, 532 (11th Cir.2008) (unpublished opinion) ("[1983] relief is unavailable for deprivations of property without due process 'if a meaningful postdeprivation remedy for the loss is available.'") (quoting *Hudson*, 468 U.S. at 533).

However, an authorized, intentional deprivation of property is actionable pursuant to the Due Process Clause. *Hudson*, 468 U.S. at 532 n.13. Plaintiff's complaint alleges that the jail officials' confiscation of his food items was carried out pursuant to a policy of the Sheriff's Office. Nevertheless, "post-deprivation remedies may be acceptable even in contexts involving a state policy or procedure." *Carcamo v. Miami-Dade County*, 375 F.3d 1104, 1106 n.4 (11th Cir. 2004) (acceptability of post-deprivation process turns on the feasibility of pre-deprivation process, not the existence of a policy or practice) (citing *Rittenhouse v. DeKalb County*, 764 F.2d 1451, 1455 (11th Cir. 1985)). When considering whether pre-deprivation process is required, this Court must consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff has a property interest in his food items. The policy in place, however, ensures a low risk of erroneous deprivation because only outside food items that are brought into the jail by the prisoner and not purchased from the Pasco Sheriff's Office will be discarded. Inmates may use the jail's grievance process if there is an erroneous deprivation of property. Moreover, requiring jail officials to hold a hearing prior to confiscating unauthorized perishable food items would likely be overly burdensome because of the additional time jail officials would have to spend, and of little value since the jail has a policy that prohibits prisoners from bringing outside food items into the jail. Further, because of safety concerns within a jail and the risk of hiding contraband within unauthorized items, and the health concerns associated with perishable food items, it appears no other pre-deprivation process would be feasible or necessary for jail officials.[1]

Furthermore, Plaintiff's complaint does not allege that the remedies under Florida law are inadequate. The Pasco County Sheriff's Office provides an inmate grievance procedure for challenging deprivations of inmate property (see Dkt. 1 at pp. 5-8). Also, the State of Florida has provided inmates with an adequate post-deprivation remedy. Prisoners may file a tort claim action in the state court in order to recover damages for property losses. See §

---

[1] "Prison officials have a right to confiscate certain types of prisoner personal property, such as: (1) items which are contrary to reasonable prison rules and regulations; (2) items which may compromise the security of inmates, officers or the public; and (3) items which may threaten other legitimate penological interests." *Lerajjareanra-O-Kel-Ly v. Johnson*, 2009 U.S. Dist. LEXIS 44619, at *4 (D. Idaho May 28, 2009) (citing *Harper v. Wallingford*, 877 F.2d 728, 733 (9th Cir. 1989); *Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999)).

768.28, Fla. Stat. (2011).

Plaintiff's complaint does not allege sufficient facts showing that Defendants committed a constitutional violation. Accordingly, Plaintiff is not entitled to relief under § 1983.

## Conclusion

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915(e)(2), this action must be dismissed.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*